UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26 CV 265 CDP |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented plaintiff Mark Myers' Motion to Proceed in Forma Pauperis. Having reviewed the motion and the financial information submitted in support, I will grant the application and waive the filing fee.[1] As Myers is now proceeding in forma pauperis, I must review his complaint under 28 U.S.C. § 1915. Based on that review, I will dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim on which relief may be granted. An action is frivolous if it "lacks an arguable basis in

[1] Myers' prison account statement shows a balance of $0.00. I will therefore waive the filing fee.

either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing Court to draw upon judicial experience and common sense. *Id.* at 679. The Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), I must give it the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the Court should construe the plaintiff's complaint in a way that permits his claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v.*

*Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Myers is a pretrial detainee currently housed at the St. Charles County Jail. He has filed several separate actions in this Court alleging various claims under 42 U.S.C. § 1983.[2] In this action, Myers challenges the constitutionality of Missouri's Sex Offender Registry, alleging that being so registered violates his right to privacy, causes him to be shunned and targeted, and has a double-jeopardy effect on his punishment. He asks that he be removed from the Registry and that the Registry be abolished in its entirety. He also seeks $100 million in damages for mental and physical trauma. Myers brings this action against only the State of Missouri.

[2] *See Myers v. St. Charles Cnty. Jail*, Case No. 4:26CV139 HEA; *Myers v. Ft. Zumwalt Sch. Dist.*, Case No. 4:26CV263 ACL; *Myers v. St. Charles Cnty.*, Case No. 4:26CV599 ACL; *Myers v. St. Charles Cnty.*, Case No. 4:26CV802 SRW.

**Discussion**

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gorson*, 548 F.3d 613, 618 (8th Cir. 2008); *Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (explaining that a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). Moreover, the Eleventh Amendment bars suit against a State or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Because the State of Missouri is not a suable entity under § 1983 and claims against the State are barred under the Eleventh Amendment, Myers' complaint against the State fails to state a claim on which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Mark Myers' motion to proceed without prepayment of the required filing fees and costs [5] is **GRANTED**, and the filing fee is waived.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal is entered herewith.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2026.